IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 24-15580 |
| CTF Chicago, Inc., | ) | Judge: | Janet S. Baer |
| | ) | | |
| Debtor. | ) | | |

**DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND OTHER COLLATERAL AND GRANTING ADEQUATE PROTECTION PURSUANT TO SECTIONS 361, 362 AND 363 OF THE BANKRUPTCY CODE, AND (B) TO SCHEDULE A FINAL HEARING**

NOW COMES the Debtor-In-Possession, CTF Chicago, Inc.,[1] ("Debtor"), by its undersigned counsel, and submits this Motion for Entry of Interim and Final Orders Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection Pursuant to 11 U.S.C. §§361, 362 and 363, and to Schedule a Final Hearing (the "Motion"). In support of this Motion, the Debtor submits as follows:

**Jurisdiction and Background**

1. On October 18, 2024 (the "Petition Date"), Debtor filed a voluntary petition in this Court for reorganization under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq* (the "Code").

2. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Code. The debtor has elected to proceed under subchapter V of Chapter 11. The subchapter V trustee has not been appointed as of yet. As soon as known, the Subchapter V trustee will receive notice of this motion.

---

[1] The Debtor has affiliated Debtors who have also filed for relief as follows: C&G Venture Concepts, Inc.,(24-15582) Crosstown Fitness – 1027 West Madison, LLC (24-15585), Crosstown Fitness 2, LLC (24-15591), and Crosstown Fitness 3, LLC (24-15592).

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b).

4.     The statutory basis for the relief requested by the Motion are 11 U.S.C. §§361, 362 and 363, Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-2 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules")

5.     Debtor, along with its related entities, operates 3 fitness centers in the city of Chicago under the name of "Crosstown Fitness". The Debtor has been sued by its primary secured lender, Wintrust Bank, and as of filing the Debtor is faced with a replevin action which would result in an immediate loss of its operating assets, cessation of its business, loss of all employee jobs, and loss of the fitness centers for its members. As such, the Debtor has filed the Chapter 11 petitions to avoid the closing of the business and propose a Plan to keep the business operational for the benefit for all of the creditors of the Debtor.

**Prepetition Capital Structure**

6.     Prior to the Petition Date, Debtor borrowed certain sums of money from Wintrust Bank (the "Secured Lender"), pursuant to certain promissory notes, business loan agreements, security agreements, pledge agreements, collateral assignments, and other agreements, instruments, certificates and documents (collectively the "Secured Lender Loan Documents"). As of the Petition Date, there was and remains due and owing from the Debtor to the Secured Lender under the Secured Lender Loan Documents, the total amount, including principal and interest of approximately $781,571.93.

8.     In addition to the lien of Wintrust Bank, the following parties have potential secured interest in the debtor's accounts:

a) Small Business Administration by means of a EIDL loan and security agreement with a balance of approximately $774,747.00.

9. The Debtor asserts that lien of the Small Business Administration is junior to the lien of Wintrust Bank, and are either wholly unsecured, or partially secured under 11 U.S.C. § 506.

10. Debtor has given notice of this motion to all purported lien holders. In order to provide adequate protection and preserve the status quo, debtor proposes to grant these holders replacement liens in same priority that existed as of case filing, without prejudice to any final determination as to lien priority or a lien avoidance under 547 (a) and 506 (c).

## Relief Requested

11. By this Motion, the Debtor requests (A) entry of interim and final orders authorizing the Debtor to use Secured Lender's cash collateral pursuant to Sections 361, 362 and 363 of the Code and any other collateral in which Secured Lender has an interest in (the "Prepetition Collateral"), and provide adequate protection of Secured Lender's interests in the Prepetition Collateral resulting from its use; and (B) pursuant to Bankruptcy Rule 4001, schedule, within 30 days of the entry of the Interim Cash Collateral Order, a hearing (the "Final Hearing") for this Court to consider entry of a final order authorizing the use of Cash Collateral, as set forth in this Motion. The proposed interim cash collateral order to be entered ("Interim Cash Collateral Order") is attached hereto.

12. Without the use of the Cash Collateral, the Debtor does not have sufficient available working capital to finance its ongoing post-petition business operations. Debtor believes that use of its Cash Collateral will allow it to operate as a going concern, and thus maximize the value of the estate for all creditors. In the absence of immediate authorization of the use of the Cash Collateral, the Debtor could not continue to operate its business, and will

incur immediate and irreparable harm to its estate. The use of such Prepetition Collateral is fair and reasonable and reflects the Debtor's exercise of prudent business judgment consistent with its fiduciary duties. Further, the Debtor believes that the proposed adequate protection for Secured Lender and junior lien holders, including the use of Cash Collateral to pay post-petition operating expenses and post-petition liens, will preserve the value of the Debtor's estate for the benefit of Secured Lender.

13. Local Rule 4001-2, which governs cash collateral motions filed within this Judicial District, requires the Debtor to highlight certain provisions contained in the Interim Cash Collateral Order, identify the location of any such provision in such order, and state the justification for the inclusion of such provision. The Debtor believes that Local Rule 4001-2 is minimally implicated by the provisions of the Interim Cash Collateral Order, but to the extent that Local Rule 4001-2 is implicated, that such provisions are justified and necessary in the context and circumstances of this case.

14. Local Rule 4001-2(A)(2)(b) provides for additional disclosure with respect to findings of fact that bind the estate or all parties in interest with respect to the validity, perfection or amount of the secured creditor's lien without giving parties in interest at least 75 days from the entry of the order. In Sections (2) and (I) of the Interim Cash Collateral Order, Debtor acknowledges the validity and amount of Secured Lender's lien. However, Debtor believes that these sections are appropriate because it may be necessary to obtain the Secured Lender's consent to the use of cash collateral.

15. Local Rule 4001-2(A)(3) requires that all cash collateral motions provide a summary of all provisions that must be highlighted under Local Rule 4001-2(A)(2) and a summary of the essential terms of the proposed usage of cash collateral. Debtor asserts that it has complied with this requirement by attaching the Interim Cash Collateral Order, which contains

all of the terms of the Debtor's use of Cash Collateral, including those specifically referenced in Local Rule 4001-2(A)(3).

16. Lastly, Local Rule 4001-2(A)(4) provides that all cash collateral motions must provide a budget covering the time period in which the order shall remain in effect. In satisfaction of such requirement, attached to the Motion as **Exhibit A** is a copy of the budget (the "Budget"). The Debtor shall file updated versions of the Budget with the Court as such updates become available.

### The Court Should Allow the Debtor to Provide Adequate Protection

17. Under Section 363(c)(2) of the Code, the Debtor may not use the Cash Collateral without the consent of the Secured Lender or authority granted by the court. 11 U.S.C. §363(c)(2). Section 363(e) of the Bankruptcy Code provides that on request of an entity that has an interest in property to be used by a debtor, the court shall prohibit or condition such use as is necessary to provide adequate protection of such interest. 11 U.S.C. §363(e).

18. As adequate protection for Secured Lender's interest in the Cash Collateral, the Debtor proposes to use the Cash Collateral solely for the purposes outlined in the Interim Cash Collateral Order. The Debtor further proposes to: (1) for any diminution in value of Secured Lender's interests in the Cash Collateral from and after the Petition date, grant Secured Lender a replacement lien on all of the Debtor's assets; (2) for any diminution in value of Secured Lender's interests in the Cash Collateral from and after the Petition date, grant Secured Lender an administrative expense claim pursuant to Section 507(b) of the Code.

19. The Debtor requests that the Court find that the foregoing adequate protection to be granted to Secured Lender is reasonable and sufficient to protect its interests, without prejudice to the rights of Secured Lender to request additional adequate protection in the future.

## Notice With Respect to Final Cash Collateral Order

20. Debtor has sent 2 days' notice by FedEx overnight service to the United States Trustee, the twenty largest unsecured creditors, and subordinate lien holders. Debtor requests that given the circumstances and necessity that notice be deemed sufficient under the circumstances.

21. The Debtor further requests that the Court schedule a Final Hearing on the use of Cash Collateral and authorize it to serve a copy of the signed Interim cash Collateral Order, which fixes the time and date for the Final Hearing and the date for filing objections, by first class mail upon: (a) the United States Trustee; (b) Secured Lender; (c) all subordinate junior lien holders; (d) twenty largest unsecured creditors; (e) Subchapter V Trustee.

WHEREFORE, the Debtor prays for entry of the Proposed Cash Collateral Order and granting such other and further relief as the court deems equitable and just.

                                                Respectfully Submitted,
                                                CTF Chicago, Inc.,

                                            By: /s/ Richard G. Larsen
                                                  One of its attorneys

Richard G. Larsen
Springer Larsen, LLC
300 South County Farm Rd., Suite G
Wheaton, Illinois 60187
(630) 510-0000
rlarsen@springerbrown.com