IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter: 11 |
| | ) | |
| | ) | Case No. 24-15580 |
| CTF Chicago, Inc., | ) | Judge: Janet S. Baer |
| | ) | |
| Debtor. | ) | |

**NOTICE OF MOTION FOR AUTHORITY TO PAY PRE-PETITION PAYROLL**

To: See Attached List

PLEASE TAKE NOTICE THAT ON **October 29, 2024 at 10:00 a.m.,** I will appear before the **Honorable Judge Janet S. Baer,** or any Judge sitting in that judge's place, **either in courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL**, or **electronically** as described below, and present the attached ***Debtor's Motion for Authority to Pay-Petition Payroll.,*** a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by video,** use this link: https//www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at **1-669-254-5252** or **1-646-828-7666**. Then enter the meeting ID and password.

**Meeting ID and password**. The **meeting ID** for this hearing is **160 731 2971** and the password is **587656**. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.
**The Motion may be opposed on the basis that emergency treatment is not appropriate.**

By: */s/ Richard G. Larsen*
Attorney for Debtor(s)

Richard G. Larsen
Springer Larsen, LLC
300 S. County Farm Road, Suite G
Wheaton, IL 60187
rlarsen@springerbrown.com

## CERTIFICATE OF SERVICE

I, Richard G. Larsen,

[X]an attorney, certify

- or –

[ ] a non-attorney, declare under penalty of perjury under the laws of the United States of America.

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on **October 22, 2024**, at 5:30 p.m.

/s/Richard G. Larsen/s/

**SERVICE LIST**

**ECF Service:**

***All parties entitled to ECF Notification through the U.S. Bankruptcy Court, Northern District of Illinois, including but not limited to:***

***Via Electronic Service***

Acting United States Trustee
Adam Brief
Office of the U. S. Trustee, Region 11
219 South Dearborn
Room 873
Chicago, IL 60604

M. Gretchen Silver
Trial Attorney
Office of the U.S. Trustee
219 S. Dearborn, Rm. 873
Chicago, IL 60604
Gretchen.silver@usdoj.gov

Andrew Eres
Dickinson Wright
55 West Monroe St.
Suite 1200
Chicago, IL
Aeres@dickinsonwright.com

Janice H Seyedin
Ken Novak & Associates
3356 Lake Knoll Dr.
Northbrook, IL 60062
847-414-6430
847-291-7719 (fax)
jseyedin@kennovakinc.com

Sameena Nabijee
Illinois District Counsel
U.S. Small Business Administration
Sameena.nabijee@sba.gov

**U.S. MAIL**

Andrew H. Eres
Dickinson Wright, PLLC/Wintrust Bank

55 West Monroe, Suite 1200
Chicago, IL 60603

Timothy S. Crane
President & CEO
Wintrust Corporate Headquarters
9700 W. Higgins Rd.
Rosemont, IL 60018

Kathleen Boege
Executive Vice President and General Counsel
Wintrust Corporate Headquarters
9700 W. Higgins Rd.
Rosemont, IL 60018

3400 N. Lincoln Ave., Aossociates
c/o CP2 LLC/General Counsel
225 West Hubbard Street Chicago, IL 60654

Associated Bank
Receivables Control Corp.
7373 Kirkwood Court
Osseo, MN 55369

Community Reinvestment Fund, Inc
801 Nicollett Mall
Minneapolis, MN 55402

Anderson Pest Solution
S 2818 Centre Cir
Downers Grove, IL 60515

GB Collects, LLC
1253 Haddonfield Berlin Rd.
Voorhees, NJ 08043-4847

Holden Madison, LLC
7 Penn Plaza-Suuite 1100
New York, NY 10001

Huber Street Group
Graham Plamer
225 W Hubbard St., Ste. 401
Chicago, IL 60654

SCP Merchandising, LLC
1020 Olmpic Drive

Batavia, IL 60510

The Feil Organization
645 N Michigan Ave., Ste. 543
Chicago, IL 60611

U.S. Small Business Administration
2 North 20th Street
Suite 320
Birmingham, AL 35203

United Collection Bureau, Inc.
5620 Southwyck Blvd.
Toledo, OH 42614

Wintrust Bank
231 S. LaSalle
Chicago, IL 60603

5T Management
3600 N Halsted
Chicago, IL 60613

Emcor Services
413 Lexington Dr.
Buffalo Grove, IL 60089

Law Offices of Marvin Husby
Marvin Husby
852 W Armitage
Chicago, IL 60614

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter: 11 |
| | ) | |
| | ) | Case No. 24-15580 |
| CTF Chicago, Inc., | ) | Judge: Janet S. Baer |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S MOTION FOR AUTHORITY TO PAY PRE-PETITION PAYROLL**

NOW COMES the Debtor-In-Possession, CTF Chicago, Inc., ("Debtor"), by its undersigned counsel, and requests that the court enter an order authorizing it to pay pre-petition accrued employee payroll, related taxes and other benefits (the "Motion"). In support of this Motion, the Debtor submits as follows:

**Jurisdiction and Background**

1. On October 18, 2024 (the "Petition Date"), Debtor filed a voluntary petition in this Court for reorganization under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq* (the "Code").

2. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Code. The debtor has elected to proceed under subchapter V of Chapter 11. The subchapter V trustee is Janice Seyedin.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b).

4. Debtor, along with its related entities, operates 3 fitness centers in the city of Chicago under the name of "Crosstown Fitness". The Debtor has been sued by its primary secured lender, Wintrust Bank, and as of filing the Debtor is faced with a replevin action which

would result in an immediate loss of its operating assets, cessation of its business, loss of all employee jobs, and loss of the fitness centers for its members. As such, the Debtor has filed the Chapter 11 petitions to avoid the closing of the business and propose a Plan to keep the business operational for the benefit for all of the creditors of the Debtor.

**The Debtor's Workforce and Payroll**

5. The Debtor currently employs 30 employees, most of which are compensated on a hourly basis except for Charles and Monica Graf who are salaried employees. All of the Debtor's employees are essential to preserving the value of the Debtor's business.

6. Further, just as the Debtor depends on the employees to operate its business, the employees depend upon the Debtor for their livelihood. The employees would be exposed to significant financial hardship if the court does not permit the Debtor to pay the priority prepetition wages and benefits owed to them in the ordinary course of business.

7. The Debtor's payroll is bi-weekly and disbursed on Tuesday every two weeks representing the payroll period from prior two weeks. The payroll due for distribution due on October 31, 2024, includes pre-petition payroll from October 6-20th for pre-petition wages earned by its employees. A copy of the debtor's anticipated gross payroll in the sum of $42,184.00 for October 31, 2024, is attached hereto as **Exhibit "A".**

8. By this Motion, Debtor requests that the court enter an order authorizing it to pay its prepetition payroll to its employees for the pre-petition period of October 6 through the date of filing.

**Basis for Relief Requested**

9. The ability to compensate employees in the ordinary course of business is critical to the Debtor's reorganization efforts and consistent with Sections 363(c) and 1108 of the Bankruptcy Code, which together, authorize the continued operation of a business in the ordinary

course by chapter 11 debtors. See 11 U.S.C. 363(c)(1) (providing that, so long as "the business of the debtor is authorized to be operated and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate in the ordinary course of business, without notice or a hearing"); 11 U.S.C. §1108 (Debtor in possession, as trustee, may operate the debtor's business unless the court orders otherwise). Where debtors have shown that the payment of prepetition claims is critical to the success of their chapter 11 cases, courts in this district and others have authorized debtors to pay prepetition employee obligations.

10. In this case, honoring prepetition employee obligations is essential to retaining the Debtor's workforce which is vital to its ongoing operations. Should the Debtor fail to make its regularly scheduled payroll, the employees would suffer extreme personal hardship and in many cases will be unable to pay their basic living expenses. Many of the Debtors' employees would likely leave their employment due to the perceived instability of the Debtor, which would substantially impact the Debtor's business operations.

11. Moreover, the prepetition claims for the obligations owed to its employees are entitled to priority status under sections 507(a)(4) and 507(a)(5) the Bankruptcy Code, so post-petition payment of these claims does not constitute preferential treatment. Accordingly, it is in the best interest of the Debtor's estate, and a reasonable exercise of the Debtor's business judgment, to pay such claims in the ordinary course of business during this chapter 11 case.

12. The Debtor has sufficient cash on hand to pay the amounts due and owing for employee wages and related expenses as described herein. Allowing the Debtor to pay the prepetition wages and related expenses will allow the Debtor's business operations to continue without interruption, thus maximizing the value of the Debtor's estate.

**The Requirements of Rule 6003(b) Have Been Satisfied**

13. Federal Rule of Bankruptcy Procedure 6003 provides that "Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding the following: (b) a motion to use, sell, lease or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition."

14. As described above, the Debtor's employees are integral to the Debtor's operations. Failure to satisfy obligations with respect to the employees in the ordinary course of business during the first 21 days of this chapter 11 case will jeopardize the employees' loyalty and trust, causing many of the employees to leave the Debtor's employment, which would severely disrupt the Debtor's operations at this critical juncture.

15. Moreover, the Debtor's employees rely on their compensation for living expenses and the effect of failure to pay the amounts due on a timely basis could be financially disastrous to them. Accordingly, the Debtor submits that it has satisfied the requirements of Rule 6003 to support immediate payment of the employee obligations.

WHEREFORE, the Debtor prays for entry of the Proposed Order granting it leave to pay certain prepetition employee obligations and related benefits retroactive as outlined in the motion; and granting such other and further relief as the court deems equitable and just.

Respectfully Submitted,
CTF Chicago, Inc.,

By: /s/ Richard G. Larsen
One of its attorneys

Richard G. Larsen
Springer Larsen, LLC
300 South County Farm Rd., Suite G
Wheaton, Illinois 60187
rlarsen@springerbrown.com